UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DIANE J. DAVIS,

                Plaintiff,

       -against-                                   3:13-CV-0693 (LEK/ATB)

JULIE CAMPBELL, as the assigned Judge
of Chenango County Family Court; and
KAREN PETERS, as Chief Judge,
New York State Supreme Court Appellate
Division, Third Judicial Department,

                Defendants.

## DECISION and ORDER

This matter comes before the Court following a Report-Recommendation filed on June 26, 2013, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1. Dkt. No. 3 ("Report-Recommendation"). *Pro se* Plaintiff Diane J. Davis brought this civil rights action challenging the legality of state-court child custody proceedings that occurred in Chenango County Family Court in 2011 and 2012.[1] Report-Rec. at 2-9. Plaintiff names as defendants two state-court judges, Julie Campbell and Karen Peters ("Defendants"), and seeks declaratory and injunctive relief. See generally Report-Rec.; Dkt. No. 1 ("Complaint"). Because Plaintiff applied to proceed *in forma pauperis*, Judge Baxter reviewed the Complaint pursuant to 28 U.S.C. § 1915. Report-Rec. at 1. Judge Baxter recommends that Plaintiff's Complaint be dismissed in its entirety because it fails to state a claim on which relief may be granted, and because Defendants are immune from suit. See Report-Rec. at 13-18. Plaintiff timely filed Objections to

---

[1] For a full discussion of Plaintiff's allegations, reference is made to the Report-Recommendation.

the Report-Recommendation. Dkt. No. 5 ("Objections").

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

Judge Baxter recommends dismissal because, *inter alia*, Defendants are protected by judicial immunity. Report-Rec. at 13-15. Plaintiff states in her Objections that she intended to sue the courts on which Defendants sit: Chenango County Family Court and the New York State Supreme Court Appellate Division, Third Judicial Department ("Third Department"). Objs. at ¶¶ 7-9, 15. However, these courts are also immune from suit. As branches of the New York State Unified Court System, the Chenango County Family Court and the Third Department are "arms of the state" and are therefore protected by sovereign immunity, which bars suits in federal court against states

2

and state officials acting in their official capacities. See, e.g., Gollomp v. Spitzer, 568 F.3d 355, 386 (2d Cir. 2009); Bey v. Brooklyn Fam. Ct., No. 11-CV-5209, 2012 WL 1145933, at *2 (E.D.N.Y. April 5, 2012); McKnight v. Middleton, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010). Accordingly, allowing Plaintiff leave to amend the Complaint and name the state courts as defendants would not remedy its deficiencies.

The remainder of Plaintiff's Objections are irrelevant, conclusory, or duplicative of arguments that were before Judge Baxter.[2] See generally Objections. The Court therefore reviews the remainder of the Report-Recommendation for clear error and finds none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 3) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this matter would not be taken in good faith; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: January , 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[2] Plaintiff objects to the referral of her Complaint to a magistrate judge. Objs. ¶¶ 30-32, 34. However, under 28 U.S.C. 636(b), the Court may designate a magistrate judge to submit recommendations as to dispositive matters, and the Court may accept, reject, or modify those recommendations.

3